Donald R. Robinson and Elizabeth E. Robinson v. Commissioner.
Robinson v. Commissioner
Docket No. 3221-64.
United States Tax Court
T.C. Memo 1966-5; 1966 Tax Ct. Memo LEXIS 277; 25 T.C.M. (CCH) 13; T.C.M. (RIA) 66005; January 10, 1966
*277 Donald R. Robinson, 139 Mt. Pleasant St., New Bedford, Mass., for the petitioners. Frederick A. Griffen, for the respondent. FAY
Memorandum Findings of Fact and Opinion FAY, Judge: The Commissioner determined deficiencies in petitioners' income tax for the taxable years 1957, 1958, 1959, and 1960 in the amount of $1,175.92, $637.38, $1,433.05, and $189.71, respectively. The only issue for decision is whether funds embezzled by petitioner Donald R. Robinson during the years in issue in the amounts determined by respondent constitute taxable income to petitioners. Findings of Fact Some of the facts have been stipulated, are so found, and the stipulation of facts, together with the exhibits attached thereto, is incorporated herein by this reference. Donald R. Robinson (hereinafter referred to as petitioner) and Elizabeth E. Robinson were, at all times material hereto, husband and wife and resided at 459 Mill Street, New Bedford, Massachusetts. During the taxable years 1957 through 1961, they reported their taxable income on the cash receipts and cash disbursements method of accounting and their taxable year was the calendar year. For each of the taxable years *278 1957 through 1961 they filed joint Federal income tax returns with the district director of internal revenue for the district of Massachusetts. Petitioner, at all times material hereto, was employed by the City of New Bedford, Massachusetts, and was also self-employed as a part-time bookkeeper. One of petitioner's clients in regard to his self-employment was a business known as Phaneuf & Son, a proprietorship located at 188 Rivet Street, New Bedford. Petitioner had this account since 1949. One of the duties performed by petitioner for Phaneuf & Son was to periodically pick up its cash receipts and to deposit those receipts in the bank account of Phaneuf & Son. He also prepared statements for the business. On June 24, 1961, petitioner wrote a letter to Elizabeth M. Phaneuf, the owner of Phaneuf & Son, and stated therein that for a number of years he had wrongfully taken money of Phaneuf & Son which he was supposed to have deposited and that he used said funds for his own purposes. He further stated that the amounts had been taken from time to time over a period of more than five years in amounts of $50 to $100 each time, and he expressed a desire to make restitution. Elizabeth *279 Phaneuf, upon being informed of petitioner's action, sought the legal services of an attorney. The attorney employed a certified public accountant to perform an audit and to determine the amount of funds taken by petitioner. The accountant performed an audit and reported to the attorney the following discrepancies between cash gross receipts and bank deposits for the period 1951 to May 4, 1961, inclusive: Total receipts
$2,856,909.40
Total deposits
2,833,275.30
Difference
$ 23,634.10
For the years 1957 to May 4, 1961, inclusive, the books and records of Phaneuf & Son reflected the following: Cash Receipts
Total
Year
Per Books
Deposits
Difference
1957
$262,848.41
$257,321.07
$5,527.34
1958
235,192.90
232,050.77
3,142.13
1959
190,085.00
183,441.19
6,643.81
1960
164,662.08
163,530.63
1,131.45
1961
55,143.10
55,353.64
210.54 [1]
In 1961 petitioner repaid to Elizabeth Phaneuf $4,065.80. The difference noted, supra, in regard to the accountant's audit between cash receipts per books and deposits for each of the years 1957 to 1960, inclusive, *280 has been determined by the respondent to represent unreported taxable income. In arriving at the unreported taxable income for 1960, respondent reduced the $1,131.45 difference by $210.54, the latter representing the deposit in 1961 in excess of the cash receipts from 1961. Opinion Petitioner, although admitting that he embezzled funds during the years in issue, maintains that the embezzled funds are not taxable income to him for the following reasons: (1) since the funds were embezzled during years when the Supreme Court case of was in effect, the embezzled funds do not constitute taxable income; (2) since petitioner agreed to pay back the funds, he maintains that the embezzled funds are the same as loans and should not constitute taxable income; and (3) even if the embezzled funds constitute taxable income, the method used by respondent to compute the funds was improper. Petitioner's first two points are without any merit. The Supreme Court has decided that proceeds from an embezzlement constitute gross income to the embezzler in the year of embezzlement. . The holding *281 in , applies to years both before and after said decision. ; . Furthermore, the recognition by petitioner of his wrong-doing and the intent to make restitution do not change the tax consequences of the embezzled funds during the years the embezzlement occurred. This matter has been settled in , wherein it was held that the taking of funds without the consensual recognition of an obligation to repay constitutes taxable income. This Court, in the case of , had before it an identical contention and decided: There is no showing of any recognition, consensual or otherwise, of an obligation to pay over any of the funds to the rightful owners * * * or of any holding of the funds for them until after his misdeeds caught up with him * * *. [Under] the James case, any such belated acknowledgment of liability may not be related back to the year of conversion * * *. [Emphasis supplied] Accordingly, we hold that the funds embezzled by petitioner constituted taxable *282 income to him in the years the embezzlement occurred. Petitioner's final contention is that respondent's method of computing the amount of the embezzled funds each year was improper. We disagree. Respondent, utilizing the audit results made by an independent certified public accountant, determined that the excess of the cash received over the cash deposited in each year constitutes unreported taxable income to petitioner. We find this method of determining the extent of the embezzled funds to be proper and, furthermore, petitioner having the burden of proof has failed to introduce any evidence which would negate the presumption of correctness to respondent's determination. Accordingly, Decision will be entered for the respondent. Footnotes
1. Deposits in excess of book receipts from January 1, 1961, to May 4, 1961.↩